FRANCES STAWICKI AND HUSBAND, RESPONDENTS, v.
CHARLES B. KELLEY, APPELLANT.

Submitted May 11, 1934—Decided October 16, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the appellant, *Edwin F. Smith* and *Charles M. James.*

For the respondents, *Thomas F. Meehan.*

The opinion of the court was delivered by

PARKER, J. The suit is against a physician and surgeon, by a former female patient (her husband joining his claim *per quod*) for alleged negligence in performing an important abdominal operation, in that a surgical sponge and its attachments, including a metal ring, were left in the abdomen when the wound was sewn up. The plaintiffs had a verdict and judgment, and the defendant appeals.

The appeal is submitted on briefs. Eleven grounds of appeal are assigned, but the only grounds covered by the briefs are the refusal of the trial court to nonsuit, or to direct a verdict for defendant. We conclude that both motions were rightly denied.

The "sponge" in question is described in a stipulation by counsel as "a gauze pack or pad, six inches wide and about eighteen inches long—six-ply gauze in thickness, with a tape attached to one corner, about four inches long." The evidence further showed, as we have said, that a metal ring was attached to the pad and also remained in the abdomen.

The argument for the defense at the trial was, and for the appellant here is, that inasmuch as the operation was performed at a public hospital where defendant was privileged to operate, but over which he had no control, and which supplied the operating room and two nurses from its own staff; and inasmuch as by recognized custom it was the duty of these nurses to keep count of the sponges, and of the head nurse to report before the wound would be closed whether the count was correct, and as she had so reported; and inasmuch as these nurses were not in defendant's employ or furnished by him—he was entitled to rely on their report of the count without being required to make any extended examination of the internal conditions, or being responsible for an erroneous count. The argument further is, that any possible duty of independent examination resting on him was shown to have been adequately performed; and hence that there was nothing in the evidence to justify a jury in finding negligence, and that the court should not have submitted the case to them.

It is of course true that the burden of proving negligence is on the plaintiff, and never shifts, even in a case of *res ipsa loquitur*. *Niebel* v. *Winslow*, 88 *N. J. L.* 191. The present case is precisely similar to that case on the facts of an operation performed by a private practitioner "in a hospital where he was assisted by trained resident nurses, presumably in the employ of the hospital and familiar with their duties." It was assumed that it was the duty of the nurses to count the sponges because the surgeon could not do so; but there is no suggestion in the opinion that he was entitled to rely wholly on the nurses' count. The judgment was reversed for an erroneous instruction that under the circumstances the defendant had the burden of proving exercise of due care.

The cases in other jurisdictions are not in accord as to the right of the surgeon to rely on the nurses' count, as a glance at 48 *C. J.* 1132, § 123, and *p.* 1137, § 144, will indicate. Of our cases, comparatively few in number, *Niebel* v. *Winslow* is most nearly in point. It seems likely that but for the erroneous instruction just alluded to, the judgment

for plaintiff would have been affirmed. However this may be, we consider in this case that notwithstanding the nurses' count, some duty remained with the defendant to examine independently to make sure that no foreign body remained in the abdominal cavity, and that the existence and non-discovery of so considerable a body as the pad above described, particularly in view of the testimony of plaintiffs' expert witness as to the usual practice of making some independent examination by the surgeon and the extent thereof, presented a case for submission to the jury. The fact that defendant was operating with nurses not in his employ, nor, so far as appears, of his own selection, seems to give emphasis to this view. We conclude therefore that the judgment should be affirmed.